**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON SMITH,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF MESA, a political subdivision of the State of Arizona,<br><br>Defendant - Appellee. | No. 25-1984<br><br>D.C. No.<br>2:21-cv-01012-DJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted February 2, 2026**
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

Plaintiff Aaron Smith ("Smith"), a Jehovah's Witness, filed this Title VII lawsuit against Defendant City of Mesa ("City") after his supervisor denied his request for 1.5 days of leave to attend a religious event he believed was mandatory.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Smith brought claims for disparate treatment, failure to accommodate, constructive discharge, and retaliation.  The district court denied summary judgment for Smith on his failure to accommodate claim and granted summary judgment for the City on Smith's claims of disparate treatment, constructive discharge, and retaliation.  A jury rendered judgment for the City on Smith's remaining failure to accommodate claim.  Smith now appeals the district court's (1) summary judgment order, (2) jury instructions, and (3) exclusion of Smith's proffered "comparator" evidence from trial.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review de novo a district court's decision to grant or deny summary judgment.  *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).  "We review de novo whether a district court's jury instructions accurately state the law, and we review for abuse of discretion a district court's formulation of jury instructions."  *Coston v. Nangalama*, 13 F.4th 729, 732 (9th Cir. 2021) (citations omitted).  "We review a district court's decision to admit or exclude evidence for abuse of discretion."  *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022).

1. As a threshold matter, the City argues that this appeal fails because the jury verdict was supported by substantial evidence that the City offered Smith a reasonable accommodation, which he failed to utilize.  We apply the substantial evidence standard when a party challenges a district court's denial of a motion for

judgment as a matter of law. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc).

The City's invocation of the substantial evidence standard misunderstands Smith's appeal. Smith's appeal rests on three general contentions: that the district court precluded crucial evidence at trial, that the jury instructions misstated the law, and that this case should never have proceeded to a jury. Smith does not appeal the denial of a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 or otherwise argue that the evidence presented to the jury was insufficient. The substantial evidence standard therefore cannot resolve this appeal.

2. Smith argues that the district court erred by granting summary judgment for the City on his constructive discharge claim. "A constructive discharge occurs when a person quits his job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable." *Lawson v. Washington*, 296 F.3d 799, 805 (9th Cir. 2002) (italics omitted) (quoting *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 (9th Cir. 1998)). But a plaintiff cannot prevail on a constructive discharge claim when he voluntarily resigns in anticipation of hypothetical discipline for a planned future violation of an employer's established rules or policies for religious reasons. *See id.* at 802–03,

805 ("The mere fact that the [Employer's] Manual declares that rule violations may result in discipline or termination is not enough.").

The district court did not err in granting summary judgment for the City on Smith's constructive discharge claim. Smith voluntarily resigned from his position. He claims that he did so because, had he missed work to attend his religious event, he would have been in violation of the City's unexcused absence policy, which stated that, on an employee's third unexcused absence, the employee "shall receive, at a minimum, a suspension of one (1) day, or discipline up to and including termination with the approval of the Human Resources Director." Under our precedent, the City was entitled to judgment as a matter of law. *See id.*

3. Smith asserts that "[s]ummary judgment should have been granted for [him]" and that the district court "erred by finding an issue of fact . . . as to adverse action." He contends that adverse action is not required as a separate element of a reasonable accommodation claim. However, in moving for summary judgment, Smith did not introduce that argument until his reply brief. Therefore, the district court did not err by declining to address it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (noting that a district court does not err in disregarding an argument raised for the first time on reply).

Even were we to consider Smith's argument, it fails under our precedent, which has stated that adverse action is a separate element of a reasonable

accommodation case. *See, e.g.*, *Lawson*, 296 F.3d at 803–06 (deciding employee did not satisfy the third element when he voluntarily resigned, even though the employer denied accommodation).

4. Smith additionally argues that the district court erred on summary judgment as to his failure to accommodate claim by improperly holding that a "jury should be allowed to consider whether the mere <u>existence</u> of a generous <u>paid</u> time off policy was an adequate accommodation <u>already given</u> to an employee like Mr. Smith who had no more paid leave available and sought unpaid time." But that is not what the district court held. The district court determined that the mere existence of a neutral scheduling system does not alone relieve the City of the duty to attempt to reasonably accommodate a religious practice. For this reason, Smith's argument fails before it begins. Smith's argument also fails because the district court's denial of summary judgment (based on insufficiency of the evidence) is not reviewable post-trial. *See Dupree v. Younger*, 598 U.S. 729, 731 (2023) ("[A]n order denying summary judgment on sufficiency-of-the-evidence grounds is not reviewable on appeal after a trial.") (citing *Ortiz v. Jordan*, 562 U.S. 180 (2011)).

5. Smith contends that the City's generous leave policy cannot act as a reasonable accommodation and therefore that "[t]he jury should have never received a 'reasonableness instruction' when <u>no</u> accommodation was offered."

However, depending on a case's specific facts, a neutral preexisting policy can satisfy an employer's obligation to reasonably accommodate. *See Hudson v. W. Airlines, Inc.*, 851 F.2d 261, 265–66 (9th Cir. 1988) (deciding that "rather than focusing on" the neutral and preexisting collective bargaining agreement "in the abstract," the district court had properly applied the law to the specific facts and determined that the preexisting agreement "provided the means through which [the employee] could have eliminated her religious conflict" (citation omitted)).

Furthermore, the district court's jury instructions properly reflected that an employee's failure to accommodate claim may be "undercut" by the employee's "own failures to avail [himself] of reasonable means to eliminate [a religious] conflict." *See id.* at 266–67 ("Title VII does not allow [an employee] to ignore [an employer's] reasonable accommodations and then demand *further* accommodations when [he] subsequently develop[s] a conflict." (emphasis added)).

In this case, the City has consistently defended against Smith's failure to accommodate claim on the ground that it offered a generous leave policy, and that Smith—who knew about his religious event months in advance—should have saved some of his time off to use for the event. Under the City's leave policy, Smith, who worked for the City for less than a year, took over 300 hours of time off (7.5 weeks), which included approximately 81 hours of paid vacation time, 24

6                                                      25-1984

hours of paid discretionary time, 20 hours of unpaid leave, 100 hours of paid holiday time, and 86 hours of sick time. The district court did not err by allowing the jury to consider whether the City's neutral and preexisting leave policy was a reasonable accommodation, and whether Smith's failure to use it "undercut" his religious accommodation claim. *See id.*

6. Smith argues that the district court erred at trial by excluding proffered evidence of other employees' timecards, which he argued was relevant comparator evidence showing that the City provided other employees with the accommodation (unpaid leave) that it denied him. But to the extent that the excluded timecards were relevant, they were of low probative value because Smith offered no insight into the circumstances surrounding the City's grant of unpaid leave to the other employees. In excluding the timecards, the district court appropriately weighed their low probative value against the risk that they would confuse the jury and lead to mini trials about non-party employees. *See* Fed. R. Ev. 403. For these reasons, the district court did not abuse its discretion in excluding the other employees' timecards.

**AFFIRMED.**